UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 06-290-JBC

LENVILLE COLE                                                                                               PLAINTIFF,

V.                         **MEMORANDUM OPINION AND ORDER**

MICHAEL ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                                                   DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of his application for Supplemental Security Income (DE 8, 9).  The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

**I. Overview of the Process**

Judicial review of the ALJ's decision to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Commissioner properly applied relevant legal standards. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)).  "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).   The court

does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines whether one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether the claimant can perform past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.

## II. The ALJ's Determination

The plaintiff is a forty-eight-year-old male with an eighth-grade education. AR 21, 54B. He has past relevant work ("PRW") experience as an auto body repairman. AR 23. He alleges disability beginning on June 19, 2001, due to chronic obstructive pulmonary disease, status post right ankle fracture, anxiety, depression,

and gastro-esophageal reflux disease. AR 19, 60. The plaintiff filed a claim for Supplemental Security Income ("SSI") on February 3, 2004, which was denied initially and on reconsideration. AR 17, 54B. After a hearing held on October 15, 2004, Administrative Law Judge ("ALJ") Roger L. Reynolds determined that the plaintiff did not suffer from a disability as defined by the Social Security Act. At Step 1, the ALJ determined that the plaintiff had not engaged in substantial gainful activity. At Step 2, the ALJ found that the plaintiff's status post right ankle fracture with wedge restriction and refracture, chronic obstructive pulmonary disease, and depression were severe impairments. The ALJ then determined that the plaintiff's impairments did not meet or equal a listing in the Listing of Impairments at Step 3. At Step 4, the ALJ found that the plaintiff was unable to perform his PRW. The ALJ concluded at Step 5, however, that the plaintiff could perform a significant number of other jobs in the national economy at the light and sedentary exertional levels. AR 19-24. On July 18, 2006, the Appeals Council denied the plaintiff's request for review of the ALJ's decision, *see* AR 8-10, and he then commenced this action.

### III. Legal Analysis

The plaintiff claims that the ALJ's opinion is not supported by substantial evidence for two reasons: (1) the ALJ failed to consider the plaintiff's impairments in combination; (2) the ALJ failed to give appropriate weight to the opinion of the

plaintiff's treating physician. The court will consider these arguments in turn.[1]

### A. Combination of Impairments

The plaintiff asserts that the ALJ failed to consider the cumulative effect of his physical and mental impairments. This contention is belied by an examination of the ALJ's written opinion. In determining which of the plaintiff's impairments were severe, the ALJ considered the medical conditions claimed by the plaintiff to be disabling (right ankle pain following his ankle fracture, chronic obstructive pulmonary disease, depression/anxiety, gastro-esophageal reflux disease, and shoulder/elbow pain). AR 20-21. The ALJ found all of these impairments to be "severe" except for the plaintiff's gastro-esophageal reflux disease and right shoulder and elbow pain. *Id.* He determined that those two conditions did not impose any work-related limitations because the medical evidence indicated that the plaintiff had only one complaint of shoulder and elbow pain on August 17, 2004 (and none since that date) and that his gastro-esophageal reflux disease produced no extensive

---

[1] Near the end of his brief, the plaintiff also alleges that "the pain associated with [his] restrictions was not considered" and that "the testimony of the claimant was ignored in this matter." DE 8, at 6. The court construes these phrases as a possible argument that the ALJ improperly evaluated the plaintiff's credibility.
  The Commissioner is required to consider all of a claimant's symptoms, including pain, in determining whether he is disabled. 20 C.F.R. § 404.1529(a). Before these symptoms will lead to a finding of disability, however, medical signs must exist which show the claimant has an impairment which could reasonably be expected to produce the symptoms alleged. 20 C.F.R. § 404.1529(b). In this case, the ALJ found that the degree of pain reported by the plaintiff was greater than that which could be reasonably anticipated based on his clinical findings, and the plaintiff has offered no evidence to refute that conclusion. Thus, to the extent that he asserts it, the court rejects the plaintiff's claim that the ALJ erred in evaluating his credibility.

restrictions. *See* AR 202. Further, at Step 3 of the five-step analysis, the ALJ found that the plaintiff did not have "an impairment or *combination of impairments*" that met or equaled one of the listings in the Listing of Impairments. AR 20-21 (emphasis added). Finally, the ALJ carefully analyzed the plaintiff's impairments that he found caused work restrictions and incorporated those restrictions into the plaintiff's RFC.[2] *See* AR 21-24. The court finds that the ALJ properly considered the plaintiff's impairments singly and in combination. *See Loy v. Sec'y of Health and Human Servs.,* 901 F.2d 1306, 1310 (6th Cir. 1990) (holding that the ALJ did not fail to consider impairments in combination when he referred to them in the plural form and incorporated all of them into his hypothetical question).

**B. Treating Physician**

The plaintiff also claims that the ALJ improperly rejected the opinion of his treating physician, Dr. Nadeem Shaikh, who opined that the plaintiff is unable to sustain willful employment. AR 222-28, 232, 273-78. The Sixth Circuit has repeatedly held that the opinions of a treating physician are entitled to significant deference. *See, e.g.*, *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); *Farris v. Sec. of Health and Human Servs.,* 773 F.2d 85, 90 (6th Cir. 1985).

---

[2]Specifically, the ALJ concluded that the plaintiff's ankle pain limited the amount of weight that he could carry and the amount of movement that he could sustain at a job; that his breathing problems and ankle pain limited him to jobs that did not require aerobic or fast-paced activities; that this chronic obstructive pulmonary disease ruled out work around dust, gases, fumes, temperature extremes, and excess humidity; and that his depression required that he have a job with simple procedures and little public interaction.

5

If a medical opinion of a treating physician is not contradicted, it is entitled to complete deference. *Walker v. Sec. of Health and Human Servs.,* 980 F.2d 1066, 1070 (6th Cir. 1992).  If the opinion of a treating source is not accorded controlling weight, the ALJ must consider factors such as the length of the treatment relationship and frequency of examination, the nature and extent of the treatment relationship, the supportability of the opinion, the consistency of the opinion with the record as a whole, and specialization of the source in determining the weight to give the opinion. *Wilson*, 378 F.3d at 544.  An ALJ may, however, reject the opinion of a treating physician when that opinion is not sufficiently supported by medical findings. *Walters v. Comm'r*, 127 F.3d 525, 530 (6th Cir. 1997); *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993).

    Dr. Shaikh's own treatment records for the plaintiff do not support his opinion that the plaintiff is disabled for all work activity.  When Dr. Shaikh examined the plaintiff, he frequently found that the plaintiff's functions were normal and that the plaintiff was not in acute distress; usually, he would refill the plaintiff's medications and release him.  AR 230, 233-56.  The court also notes that the Residual Functional Capacity Questionnaires completed by Dr. Shaikh are not always consistent with each other.  When asked on one of them how many pounds he believed the plaintiff could lift and carry in a competitive work situation, Dr. Shaikh answered "20 lbs;" on the top of the next page of the questionnaire, however, Dr. Shaikh indicated that the plaintiff could *never* lift twenty pounds.  AR 276-77.  At

one point, Dr. Shaikh also suggested that the plaintiff is "[c]apable of low stress jobs." AR 275.

Rather than rely on Dr. Shaikh's findings, the ALJ placed significant weight on the opinion of Dr. Rita Ratliff, a consultative examiner, who found on August 5, 2004, that there was no physical evidence that would support restrictions on the plaintiff's ability to stoop, bend, reach, sit, stand, move about, lift, or carry, and that the plaintiff's gross manipulation was normal. AR 198. The ALJ properly concluded that Dr. Ratliff's findings were consistent with the medical evidence in the record, including Dr. Shaikh's medical treatment notes.

Further, the ALJ considered the opinions of consultative psychiatrist Dr. David Atcher and non-examining psychologist Dr. Ilze Sillers regarding the plaintiff's mental impairments. Though Dr. Atcher found that it was unlikely that the plaintiff "would do well with the usual pressures of the work environment," he listed the plaintiff's prognosis as "fair" and opined that he would do better if he received therapy or increased medication. AR 174. Dr. Sillers partially rejected the limitations recommended by Dr. Atcher and stated that the plaintiff could handle simple tasks and a work environment in a setting that is task-focused and involves minimal contact with co-workers. AR 193. The ALJ considered this testimony, the objective medical evidence of the plaintiff's depression, and the fact that the plaintiff lives with a girlfriend and is able to dress and bathe himself. AR 23, 304. Based on this evidence, the ALJ determined that the plaintiff's depression imposed

mild limitations on his daily living activities, and moderate difficulties in maintaining social functioning and concentration. AR 23. The court finds that the ALJ properly weighed the evidence of the plaintiff's mental limitations and incorporated those limitations into the plaintiff's RFC.

Though a treating physician's opinions are ordinarily to be given significant deference, the court finds that the ALJ did not err in rejecting Dr. Shaikh's conclusory opinion that the plaintiff was disabled for all work activity on the ground that this opinion was inconsistent with his own clinical findings and the remainder of the medical evidence in the record. Accordingly,

**IT IS ORDERED** that the Commissioner's motion for summary judgment (DE 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 8) is **DENIED**.

Signed on May 2, 2007



JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY